OPINION
Appellant, Mireille Salick, is appealing the decision of the Cleveland Heights Municipal Court denying the appeal of the suspension of appellant's driving privileges. For the following reasons, we affirm.
Appellant did not contest the fact that she received twelve points on her license. The points accumulated for traffic violations from June 21, 1997 through February 13, 1999. Various point notices from the Ohio Bureau of Motor Vehicles stated that appellant completed a remedial driving course on September 10, 1987.
Appellant testified that she never received notice that she was given a two point credit for the remedial driving class. In fact, the course instructor told her that the two points are only deducted once twelve points are accumulated. Appellant said that had she known she did not have the two point credit available, she would have contested the tickets.
The Bureau of Motor Vehicles did not have the records from 1987. The Bureau was unable to present any records showing whether the two point credit was granted or not.
The trial court found that it must be assumed the credit was given in 1987. The court stated it was not reasonable to assume that a person can pick and choose when to take the credit. Appellant was given driving privileges for work and for the care of her parents. The suspension was otherwise affirmed, and stayed pending appeal.
Appellant's sole assignment of error states:
 WHETHER THE TRIAL COURT ERRED IN DENYING PETITIONER'S APPEAL OF A SUSPENSION OF HER DRIVING PRIVILEGES WHEN EVIDENCE CLEARLY SHOWED THAT PETITIONER WAS ENTITLED TO A TWO POINT CREDIT ON HER DRIVING RECORD AND THAT NO CREDIT WAS ACTUALLY GIVEN TO HER.
Appellant asserts that the registrar has the burden of proof to show that a credit was granted. R.C. 4507.02.1(N) provides that the registrar shall furnish a copy of its records, including, "such other information as the registrar considers necessary." This section does not impose a duty to produce old records no longer in the registrar's possession. Furthermore, R.C. 4507.02.1(K) states,
 By filing an appeal the person is agreeing to pay the cost of the proceedings and is alleging that the person can show cause why the person's driving privileges should not be suspended for a period of six months.
The statute imposes the burden of proof upon the petitioner to prove that the credit was not given.
Furthermore, a court is permitted to make an inference that points were deducted from a driving record from the fact that the point notices contained a notation that the person had taken a remedial driving course. State v. Stamp (Oct. 28, 1987), Wayne App. No. 2270, unreported. In the case at hand, the court could assume the points were deducted because of the notations on the point notices mailed to appellant.
Appellant asserts the statute is ambiguous as to when the credit can be taken. She testified that the course instructor told her the credit escrows until twelve points are accumulated. The language of the statute indicates that the credits are to be taken against points already existing when the person enrolls for the course. R.C. 4507.02.1 states:
 (L) Any person who has charged against the person more than five but not more than eleven points, for the purpose of obtaining a credit of two points against the total amount of points on the person's driving record, may enroll for one time only in a course of remedial driving instruction, as approved by the director of public safety. Such a credit, subject to successful completion of an approved remedial driving course taken at a time when more than five but not more than eleven points are charged against the person, shall be approved by the registrar.
Even if the statute is ambiguous, we agree with the trial court that it is unreasonable to assume that a person may pick and choose when to apply the credit. Such an interpretation would encourage traffic violations. The intent of the statute is to discourage such violations.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Heights Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, J. and JAMES M. PORTER, J.CONCUR.
 _________________________________ ANN DYKE ADMINISTRATIVE JUDGE